Mary Jo O'Neill, AZ Bar No. 005924
P. David Lopez, DC Bar No. 426463
Richard Sexton, PA Bar No. 202584
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012-2504
Telephone: (602) 640-5003
Fax: (602) 640-5009
E-mail: mary.oneill@eeoc.gov
         patrick.lopez@eeoc.gov
         richard.sexton@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>         Plaintiff,<br><br>vs.<br><br>GREYSTAR HOLDINGS, INC. d/b/a GREYSTAR REAL ESTATE PARTNERS and GREYSTAR PROPERTIES, a Foreign Corporation,<br>         Defendant. | Case No.: CV<br><br>COMPLAINT<br>(JURY TRIAL DEMANDED) |

### **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Connie Thomson, who was adversely affected by such practices following her employment by Greystar Real Estate Partners d/b/a Greystar Properties ("Greystar"). The Commission alleges that Defendant retaliated against Ms. Thomson when it provided a negative reference for Ms. Thomson after she had filed a previous charge of discrimination and then resigned her employment with Greystar.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Greystar, a South Carolina corporation, has continuously been doing business in the State of Arizona, including the city of Phoenix, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Greystar has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. From 2000 to 2006, Ms. Thomson was employed by Fairfield Properties.

7. On or about March 15, 2005, Ms. Thomson filed a charge of discrimination against Fairfield Properties alleging sexual harassment. The complaint was settled through conciliation.

8. Fairfield Properties was purchased by Greystar in 2007.

9. Since at least September 2008, Defendant Greystar has engaged in unlawful retaliatory employment practices at its Phoenix, Arizona facility in violation of 704(a) of Title VII, 42 U.S.C. §§2000e-3(a). These retaliatory employment policies or practices include, but are not limited to, providing a negative reference for Ms. Thomson as follows:

  a. On or about September 12, 2008 Ms. Thomson applied for employment with JW Cleaning Service in Casa Grande, Arizona.

  b. When JW Cleaning Service contacted Greystar for a reference for Ms. Thomson, Greystar recommended against hiring Mr. Thomson because she had filed a charge of discrimination.

10. The effect of the practices complained of in paragraph 9 above has been to deprive Connie Thomson of equal employment opportunities because of her opposition to unlawful employment practices.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice and/or with reckless indifference to the federally protected rights of Connie Thomson.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Greystar, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates or retaliates against any individual because of the individual's opposition to perceived unlawful employment practices and/or because the individual filed a charge, testified, assisted, or participated in an investigation or proceeding under Title VII.

B. Order Defendant Greystar to institute and carry out policies, practices, and programs which provide equal employment opportunities for those who oppose unlawful

employment practices and/or file charges, testify, assist or participate in an investigation or proceeding under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant Greystar to make whole Connie Thomson, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement.

    D.    Order Defendant Greystar to make whole Connie Thomson, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 12 above, in amounts to be determined at trial.

    E.    Order Defendant Greystar to make whole Connie Thomson, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 11 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant Greystar to pay Connie Thomson punitive damages for its malicious and reckless conduct described in paragraphs 7 through 11above, in an amount to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 29th day of September, 2009.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JAMES L. LEE
Acting General Counsel

GWENDOLYN REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, NW
Washington, D.C.  20507

 s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

s/P. David Lopez
P. DAVID LOPEZ
Supervisory Trial Attorney

s/Richard Sexton
RICHARD SEXTON
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff